# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

LINDA MARTINEZ,

    Plaintiff,

v.   No. CIV 00-1784 WJ/WWD

ELIAS GONZALES, et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR RECONSIDERATION AND MODIFYING THE JULY 26, 2002 MEMORANDUM OPINION AND ORDER [DOCKET NO. 65]

THIS MATTER comes before the Court pursuant to Plaintiff's Motion for Reconsideration [Docket No. 66]. The Court, after reviewing the submissions of the parties, shall grant the motion.

**BACKGROUND**

Plaintiff seeks reconsideration of this Court's July 26, 2002 Memorandum Opinion and Order Denying in Part and Granting in Part Defendant's Motion for Summary Judgment [Docket No. 65]. Plaintiff argues that several of the Court's rulings were manifest error. First, Plaintiff urges that it was error for this Court to grant summary judgment on the issue of constructive discharge. My ruling on the issue of constructive discharge was based on a careful consideration of the applicable law in light of the standards for summary judgment and the burdens on each party at the summary judgment stage. Therefore, I will not reconsider my ruling nor reexamine what has already been painstakingly considered regarding this issue. Second, Plaintiff contends that the Court erroneously granted summary judgment with regard to the liability of the Village of Cimarron. As with my decision on the issue of constructive discharge, I perceive no need to

reconsider my ruling with regard to the liability of the municipal defendant and will decline to do so. While Plaintiff has advanced appealing arguments on her constructive discharge and municipal liability claims, I granted summary judgment on those claims based on what I consider to be controlling Tenth Circuit precedent. If I misread or failed to correctly apply the law, I am sure the Tenth Circuit will let me know.

Plaintiff finally asserts that this Court erred in granting summary judgment to the individual defendants for certain alleged conduct. Plaintiff's complaint alleged that Defendants retaliated against her for engaging in speech protected by the First Amendment. Her complaint alleges multiple specific acts by the individual defendants that were allegedly retaliatory. In my ruling, I determined that several of Defendants' alleged acts were not adverse employment actions and thus did not violate Plaintiff's rights. With regard to several of the acts that I found could be adverse employment actions, I determined that Defendants were entitled to qualified immunity because it was not clearly established, at the time of the alleged acts, that such acts could be adverse employment actions.

Plaintiff's arguments for error on this ruling are somewhat difficult to delineate. However, they appear to fall within three broad categories. First, in the first footnote of her memorandum in support of her motion for reconsideration (memorandum), Plaintiff urges that the Court erred in looking at and ruling on whether each alleged act was adverse employment action rather than considering the totality of the circumstances and viewing all of the conduct as a whole. Second, in the second footnote of Plaintiff's memorandum, she advances that the Court misread <u>Schuler v. City of Boulder</u>, 189 F.3d 1304 (10th Cir. 1998) when it found that it was not clearly established in July 1998 that removing an employee's job responsibilities can be adverse employment action. Finally, Plaintiff generally argues that the Court misapplied the law of qualified immunity. Plaintiff

2

asserts that qualified immunity does not apply to the conduct of the defendants that allegedly violated Plaintiff's rights; rather, it applies only to the broad constitutional right itself. In other words, Plaintiff argues that, because it is clearly established that public employers cannot retaliate against their employees for the exercise of protected speech, the qualified immunity analysis ends with the analysis of the nature of the speech. Plaintiff states that the Court should not add a layer of qualified immunity analysis by then addressing whether the law was clearly established that the alleged retaliatory acts might be adverse employment actions. The Court will reconsider its ruling on this last issue and will address all three of Plaintiff's arguments with regard to this ruling.

**DISCUSSION**

I.  ADVERSE EMPLOYMENT ACTION - ANALYZING SPECIFIC ACTS VERSUS THE TOTALITY OF THE CIRCUMSTANCES

Plaintiff contends, in the first footnote of her memorandum, that the Court misinterpreted the law on the issue of adverse employment action by viewing each alleged retaliatory act separately. Plaintiff asserts that the Court should have looked at the totality of the circumstances. Plaintiff avers that she will set forth in detail in the body of her memorandum the basis for the assertion that the proper analysis is a totality of the circumstances test. However, the Court did not locate any such argument or authority in the body of Plaintiff's brief. In its own research, the Court found that the Tenth Circuit has not clarified whether the totality of the circumstances test applies to First Amendment retaliation claims.

I do not find that it was error to analyze Plaintiff's specific allegations regarding the Defendants' conduct in determining whether the conduct amounted to adverse employment action. However, I will clarify that, in addition to providing the parties with a detailed explanation regarding the specific alleged retaliatory acts, I did consider the totality of the

circumstances. On reconsideration, then, I do not alter or amend my decision with regard to those acts that I found did not violate Plaintiff's First Amendment rights.

II. QUALIFIED IMMUNITY FOR REMOVAL OF JOB RESPONSIBILITIES

Plaintiff argues, in the second footnote of her memorandum, that this Court misread Schuler, 189 F.3d 1304. Plaintiff is correct. Schuler makes clear that it was clearly established in 1995 that removal of job responsibilities could be adverse employment action. 189 F.3d at 1309. Thus, this Court's earlier ruling that Defendant Gonzales is entitled to qualified immunity for allegedly removing Plaintiff's job responsibilities was error and is hereby modified. Defendant Gonzales is not entitled to qualified immunity for allegedly removing Plaintiff's job responsibilities.

In light of the correct reading of Schuler, the Court also finds that it was error to grant Gonzales qualified immunity for his alleged telephone calls to Plaintiff's home. The Schuler court reviewed the Supreme Court's opinion in Rutan v. Republican Party of Illinois, 497 U.S. 62 (1990) and found that the general language in the holding of Rutan was sufficient to clearly establish that the removal of an employee's job responsibilities could violate an employee's rights if done in response to the employee's protected speech. Schuler, 189 F.3d at 1309. Based on this same reasoning, I find that a reasonable official in Gonzales' position should have known that making harassing telephone calls to an employee's home in response to the employee's protected speech and in response to the employee's reporting of suspected illegal activity to law enforcement could violate the employee's constitutional rights. Therefore, this Court's ruling that Defendant Gonzales was entitled to qualified immunity for allegedly calling Plaintiff at home and yelling at her was error and is hereby modified.

III. APPLICATION OF QUALIFIED IMMUNITY TO THE CONDUCT OF DEFENDANTS

Plaintiff's primary argument for this Court's reconsideration is that the law of qualified immunity was misapplied to the Defendants' conduct. Plaintiff states that the availability of a qualified immunity defense is nullified once a court finds that a public employee has a clearly established right to be free from retaliation (presumably by finding that the speech was on a matter of public concern and that the <u>Pickering</u> balancing tips in the employee's favor). Plaintiff urges that a defendant should not get a second bite at the apple by being allowed to argue qualified immunity at the stage of determining whether Plaintiff had a clearly established right to be free from retaliation and again at the stage of determining whether the alleged retaliatory conduct was clearly established as being adverse employment action. Plaintiff advances that the unlawful intent inherent in retaliatory conduct places it outside the scope of qualified immunity. <u>See</u> <u>DeLoach v. Bevers</u>, 922 F.2d 618, 620 (10th Cir. 1990).

Plaintiff is correct that qualified immunity is applied in First Amendment cases at the stage of considering whether an employee's speech was protected under the First Amendment and whether an employer should have known that the employee's interests in engaging in the speech would outweigh the employer's interests in regulating the speech in order to maintain an efficient workplace. <u>See</u> <u>Pickering v. Board of Educ.</u>, 391 U.S. 563 (1968); <u>Lee v. Gibbs</u>, 197 F.3d 1291, 1294 (10th Cir. 1999). Plaintiff is incorrect in assuming that the qualified immunity defense is nullified once a determination is made that an employee engaged in protected speech. Many cases do not inquire further into an official's qualified immunity because the issue is not raised. For instance, in cases in which an employee is terminated for her First Amendment activities, there is no reason for a defendant to argue, or a court to consider, whether the alleged retaliatory conduct was adverse employment action or whether the employer was on notice that such conduct would violate an employee's rights. However, the issue has been raised in cases in the Tenth Circuit and

5

has been addressed as a qualified immunity defense. In Schuler, 189 F.3d 1304, this is exactly what the Tenth Circuit did.

In Schuler, an employee made statements critical of her public employer. The trial court found that the employee's speech was on a matter of public concern, and that her interests in the speech outweighed her employer's interests in regulating the speech. Id. at 1307-1308. Based on this finding, the trial court found that individual defendants were not entitled to qualified immunity because it was well established that public employees can speak out and exercise First Amendment rights and cannot have retaliatory action taken against them by their employers. Id. On appeal, The Tenth Circuit noted that the employee's right to speak out was not the disputed issue in the defendants' motion for summary judgment based on qualified immunity. Id. at 1308. The defendants had not raised any issue with regard to the trial court's finding that the employee's speech met the Pickering balancing inquiry, and the Tenth Circuit agreed that the speech was protected. Instead, the defendants argued that their alleged retaliatory conduct was not sufficiently onerous to rise to the level of clearly established violations of the employee's constitutional rights. Id. at 1308-09. The Tenth Circuit addressed this "second layer" of the qualified immunity defense. Id. at 1309-1310. Thus, it is appropriate for a court to consider, at two stages of the analysis in a First Amendment claim, the qualified immunity of a defendant.

Plaintiff's reference to DeLoach, 922 F.2d 618, does not shed any light on the issue in this case because DeLoach does not stand for Plaintiff's proposition that motive cuts off a defendant's ability to argue a qualified immunity defense. The Court in DeLoach stated that "The unlawful intent inherent in such a retaliatory action places it beyond the scope of a police officer's qualified immunity if the right retaliated against was clearly established." Id. at 620 (citing Coen v. Runner, 854 F.2d 374 (10th Cir. 1988)). At first blush, this language would appear to support Plaintiff's

6

proposition that a defendant's ability to make an argument for qualified immunity is foreclosed if he is alleged to have engaged in retaliatory conduct. However, a reading of <u>Coen</u>, the case cited in <u>DeLoach</u>, makes the meaning of this statement clear, and it does not offer support to Plaintiff's argument.

In <u>Coen</u>, the Tenth Circuit recognized that a purely objective qualified immunity analysis is inappropriate when intent or motive is an element of a plaintiff's constitutional claim. 854 F.2d at 378. The Tenth Circuit noted that, in such cases, a plaintiff may avoid summary judgment based on qualified immunity even **after** a defendant has made a showing of the objective reasonableness of his conduct by coming forward with evidence showing a fact issue with regard to a defendant's motives. <u>Id.</u> at 378. In <u>Coen</u>, the defendants established the objective reasonableness of their actions and were thus entitled to qualified immunity. <u>Id.</u> The plaintiff argued that the defendants were not entitled to qualified immunity because the defendants' conduct was motivated by an intent to infringe the plaintiff's constitutional rights. <u>Id.</u> The Tenth Circuit found that the plaintiff had failed to meet the standard required for opposing defendant's assertion of qualified immunity. <u>Id.</u> Thus, the defendants were entitled to qualified immunity. <u>Id.</u>

It is clear from <u>Coen</u> that <u>DeLoach</u> cannot be read to preclude a defendant from asserting and even prevailing on a qualified immunity defense when a plaintiff alleges retaliatory motive. Plaintiff's assertion that the qualified immunity analysis was misapplied in this case ignores the Tenth Circuit's analysis in <u>Schuler</u> regarding whether a defendant's conduct violated clearly established law. 189 F.3d at 1308-09. In light of <u>Schuler</u>, this Court sees no merit to Plaintiff's argument that qualified immunity does not apply to Defendants' alleged retaliatory conduct. Thus, on reconsideration, the Court will not alter or amend its ruling on this issue.

**CONCLUSION**

IT IS THEREFORE ORDERED that Plaintiff's Motion for Reconsideration [Docket No. 66] is hereby GRANTED.

IT IS FURTHER ORDERED that on reconsideration, the portion of this Court's July 26, 2002 Memorandum Opinion and Order Denying in Part and Granting in Part Defendant's Motion for Summary Judgment [Docket No. 65] finding that Defendant Gonzales was entitled to qualified immunity for his alleged conduct in removing Plaintiff's job duties and finding that Defendant Gonzales was entitled to qualified immunity for his alleged conduct in calling Plaintiff at home and yelling at her is VACATED and MODIFIED to reflect the reasoning in this opinion.

IT IS FURTHER ORDERED that all remaining parts of this Court's July 26, 2002 Memorandum Opinion and Order Denying in Part and Granting in Part Defendant's Motion for Summary Judgment [Docket No. 65] shall remain as the decision and order of this Court.

_____
UNITED STATES DISTRICT JUDGE